Ham, Judge,
dissentiente. — This case differs from or» dinary sales in this: the vendee is “ required, from time to time, to permit the said negroes and their increase, to live together upon his land, and to be industriously employed, and to continue to exercise a controlling power over their moral conduct, and to furnish said negroes with the necessaries and comforts of life.” And the question is, whether this stipulation, request or confidence, renders the bill of sale void, and the Defendant a trustee, so as to be compelled to reconvey (he slaves mentioned in the bill of sale, to the Plaintiff. The question is the same, as if the Plaintiff’s testatrix were still alive, and . sought for a reconveyance. If she could not succeed, so neither can he.
It is proper to view the case as it really is, and to consider that no other trust is created in the vendee, than that which is expressed in the bill of sale. In that trust, I see nothing illegal or immoral. It is a trust, request, or confidence, reposed in the vendee — a confidence not controllable, or intended tobe controlled by any judicial, tribunal. The legal title to the slaves passed for a price, far below their value. But the vendor stipulated for their good treatment, and reserved the use of them to herself for life.
Therefore considering the bill of sale to mean nothing more-than it expresses, I am obliged to say that the Defendant cannot be deprived of the property in the slaves.
But it is attempted to prove that the bill of sale was made for the purpose of having the slaves, therein con» veyed, emancipated ; and the will of the vendor is produced, as in part evidence of it. I think it is unnecessary to notice the contents of the will, hecaqse certainly *499 it is not eviden a; the Deferí'|,ií,w L V «rue after the date of tin. „f sale, ,''"1 •,|sa 'Vír? ¿he declarations of the veiN--" I'x-i.-nlf.
The testimony of ff\, 'W m h,ili'^u'kaii been taken. He aays he heard the Deferuiaiit say, that tlieslaves conveyed in the bill of sale by Lefhj Gardener were to be emancipated after her death. This evidence cannot be received, to raise a trust upon the bill of sale,, where nona such is expressed ; altim’ it might be received for the purpose of proving a fraud in the Defendant, in procuring the hill of sale to be executed upon such secret trust. But I think it insufficient for that purpose, contradicted, as it is, by the Defendant’» answer.
Supposing at the date of the bill of sale, it was the desire of the vemlor, that her shires should be liberated at her death, but she considered that to be a forlorn hope, ¡as being against the laws of the country 5 and that she concluded, as the next best thing she could do, to convey them to the Defendant in the manner which she has adopted. She certainly had a right to do so. It might have been more prudent in her to insert a power of relocation in the bill of sale. But her omitting to do so cannot affect the question before the Court.
Viewing the Defendant as the owner of the slaves, if he deviates from those duties which the law requires & master to observe,, as by fettling them hire their own time, he is answerable for such misconduct, as any other master is.
Per Curiam.
— Let the decree of the Court below he